JOHN L. PICKERING, Plaintiff-Appellee, v. THE HUMAN RIGHTS COM-MISSION *et al.*, Defendants-Appellants.

Second District   No. 2—85—0740

Opinion filed August 11, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellant Illinois Human Rights Commission.

Rex L. Sessions and Charles C. Jackson, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant Seatt Corporation.

Constantine J. Gekas, of Harvitt & Gekas, Ltd., of Chicago, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

This is an interlocutory appeal from the circuit court of Du Page County brought pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) by defendants, the Human Rights Commission (Commission), the Department of Human Rights (Department) and Seatt Corporation raising two issues: (1) whether the 180-day filing requirement in section 7—102(A)(1) of the Illinois Human Rights Act (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(A)(1)) is jurisdictional or in the nature of a statute of limitations subject to the doctrines of waiver, tolling and equitable estoppel, and (2) whether the Commission erred in not

granting plaintiff a hearing on his allegations that such doctrines should apply in this case.

Plaintiff, John L. Pickering, was employed by Seatt Corporation as its national sales manager until his termination on July 31, 1983. Shortly thereafter plaintiff consulted with an attorney concerning his discharge. The attorney, however, took no legal action. On July 20, 1984, almost one year after his discharge, plaintiff filed a *pro se* charge of discrimination with the Department alleging that he was fired because of his age (60) and physical handicap, the latter being a serious eye condition for which plaintiff was to undergo surgery. Plaintiff stated in his charge that he signed a release of all claims against Seatt that might arise as a result of his termination but claimed he did so only because Seatt threatened to refuse to pay severance pay and other benefits as well as his medical bills for his upcoming eye surgery. Plaintiff further alleged that he was the only employee who had ever been asked to sign such a release and that he subsequently learned he was fired solely because of his age and physical handicap.

On October 2, 1984, the Department dismissed the charge on the ground that it lacked jurisdiction to pursue the allegations since the charge had not been filed within the 180-day time limit as required by section 7—102(A)(1). Plaintiff, who by now had retained another attorney, sought review of the Department's dismissal before the Commission. In his request for review, plaintiff claimed he had been coerced into signing the release and that the "release coupled with the circumstances of [Seatt's] actions after the termination of [plaintiff] in encouraging the hope of settlement and in other regards, constituted a waiver, tolling and equitable estoppel of the 180-day limitation period." Plaintiff did not submit any evidence to substantiate his allegations, although section 8—103(B) of the Illinois Human Rights Act (Ill. Rev. Stat. 1983, ch. 68, par. 8—103(B)) authorizes the Commission to consider any argument and supplemental evidence which is timely filed. Plaintiff did, however, in addition to asking for a reversal of the Department's decision, request that the cause be remanded for a hearing on the tolling question and that he be given the opportunity to submit factual materials and legal authorities to support his allegations.

In its response to plaintiff's request for review, the Department noted that while plaintiff did not file his discrimination charge until one year after his termination, he sought legal advice immediately. The Department pointed out that in August 1983 (less than one month after his discharge) plaintiff's attorney wrote to Seatt seeking

to negotiate a settlement and threatening legal action if the demands were not met. Arguing that plaintiff clearly knew of his legal options within the 180-day time period, the Department maintained plaintiff "could have and should have" filed his discrimination charge within 180 days of his termination. Because the charge was not timely filed, the Department asserted, it lacked jurisdiction to entertain plaintiff's claim of discrimination. The Commission sustained the Department's dismissal of plaintiff's charge, citing the lack of jurisdiction as the reason for its decision.

Thereafter, plaintiff filed a complaint for administrative review in the circuit court of Du Page County, arguing that the 180-day time period in section 7—102(A)(1) was not jurisdictional but was in the nature of a statute of limitations subject to the doctrines of waiver, tolling and equitable estoppel. Plaintiff also alleged in general terms that there were "strong equitable considerations" for tolling the time limit. Seatt moved for summary judgment on the grounds that plaintiff's charge was not timely filed and that plaintiff had failed to allege any specific basis either in his complaint or before the administrative agencies to justify tolling the filing period. Plaintiff then filed a motion for reversal of the Commission's decision alleging that there were "substantial factual contentions" which would justify tolling the filing deadline. Plaintiff again charged that he had been coerced into signing the release, and he pointed out that a malpractice action was then pending against the attorney he originally consulted in August of 1983. Plaintiff urged the court to remand the case for further evidentiary proceedings on the tolling question.

The trial court reversed the Commission's jurisdictional determination and remanded the cause to the Commission with orders that it conduct a hearing concerning the application of the principles of waiver, tolling and equitable estoppel. The court based its ruling on *Lee v. Human Rights Com.* (1984), 126 Ill. App. 3d 666, which held that an employer could be estopped from raising the 180-day filing requirement in the Fair Employment Practices Act (now the Illinois Human Rights Act) as a defense under certain circumstances.

The Illinois Human Rights Act consolidated various antidiscrimination statutes that had been scattered throughout the Illinois Revised Statutes, although in certain respects the Act affords individuals greater protection against unlawful discrimination than had previously existed. The acts that were repealed and replaced by the Human Rights Act include the Fair Employment Practices Act (formerly Ill. Rev. Stat. 1979, ch. 48, par. 851 *et seq.*), the Equal Opportunities for the Handicapped Act (formerly Ill. Rev. Stat. 1979, ch. 38, par.

65—21 *et seq.*) and "AN ACT to prohibit unjust discrimination in employment because of age \*\*\*" (formerly Ill. Rev. Stat. 1979, ch. 48, par. 881 *et seq.*).

The Human Rights Act is comprised of various articles setting forth the purposes of the Act, the type of conduct constituting civil rights violations, and the procedures to be followed to redress a claim of unlawful discrimination. As to the latter, the provisions contained in Article 7 require a complainant to file a charge with the Department of Human Rights "[w]ithin 180 days after the date that a civil rights violation allegedly has been committed." (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(A)(1).) The threshold question to be decided here is whether the 180-day filing requirement is a jurisdictional limitation preventing the Department from pursuing a charge that is not timely filed.

There is, of course, an important and fundamental distinction between limitations which are jurisdictional and those considered to be statutes of limitations. As the Illinois Supreme Court recently explained in *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 209-10:

> "Statutes of limitation only fix the time within which the remedy for a particular wrong may be sought. (See *Smith v. Toman* (1938), 368 Ill. 414, 420.) They 'are procedural in nature [citations] and are not designed to alter substantive rights \*\*\*.' *Wilson v. Bishop* (1980), 82 Ill. 2d 364, 373.
>
> On the other hand, 'statutes which create a substantive right unknown to the common law and in which time is made an inherent element of the right so created, are not statutes of limitation.' (*Smith v. Toman* (1938), 368 Ill. 414, 420.) Such a time period 'is more than an ordinary statute of limitations' (*North Side Sash & Door Co. v. Hecht* (1920), 295 Ill. 515, 519); it 'is a condition of the \*\*\* liability itself and not of the remedy, alone. \*\*\* It goes to the existence of the right itself.' (295 Ill. 515, 519-20.) Such a provision is a condition precedent to the plaintiff's right to seek a remedy. (*North Side Sash & Door Co. v. Hecht* (1920), 295 Ill. 515, 520; *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 9.) Such statutes set forth the requirements for bringing the right to seek a remedy into existence."

In this case plaintiff contends that the filing deadline is not jurisdictional but rather constitutes a statute of limitations, which may properly be subject to the doctrines of tolling, waiver and equitable estoppel under appropriate circumstances. Plaintiff bases this assertion on the fact that "the causes of action herein are constitutional in

their essence, being based on specific provisions of our State Constitution." As such, he maintains that the Human Rights Act merely provides the procedural framework for implementing the substantive rights created by the Illinois Constitution. To further support his position, plaintiff observes that the Act's prohibitory provisions—the statutory embodiment of the constitutional rights—are separated from those sections, such as 7—102(A)(1), which establish the procedure for filing a charge of discrimination. This separation, plaintiff asserts, indicates that time is not an inherent element of the protection granted individuals against unlawful discrimination. Plaintiff also relies heavily on *Zipes v. Trans World Airlines, Inc.* (1982), 455 U.S. 385, 71 L. Ed. 2d 234, 102 S. Ct. 1127, wherein the United States Supreme Court held that the time limit in title VII of the Civil Rights Act of 1964, requiring a charge of discrimination to be filed with the Equal Employment Opportunity Commission within 90 days [now 180 days] of the alleged unlawful conduct, was not a jurisdictional prerequisite to bringing an action in Federal court but rather was in the nature of a statute of limitations subject to the doctrines of waiver, estoppel and equitable tolling.

Plaintiff's contention that the 180-day period at issue here is not jurisdictional cannot be sustained. Turning first to his claim that the Human Rights Act only establishes the procedural framework for enforcing the substantive rights created by the Illinois Constitution, it is true—as plaintiff points out—that one of the purposes of the Act is to secure and guarantee the rights established by sections 17, 18 and 19 of article I of the Illinois Constitution. (Ill. Rev. Stat. 1983, ch. 68, par. 1—102(C).) However, none of those sections protects an individual against age discrimination. Section 19 does prohibit discrimination on the basis of physical and mental handicap but only with respect to "the hiring and promotion practices" of an employer. (Ill. Const. 1970, art. I, sec. 19.) In *Yount v. Hesston Corp.* (1984), 124 Ill. App. 3d 943, this court observed that section 19 offers no protection to an employee who is *terminated* from his or her employment because of a physical or mental handicap. 124 Ill. App. 3d 943, 949.

█ Thus, it is evident that the substantive rights which plaintiff seeks to protect—to be free from being terminated from his job on the basis of his age and physical handicap—derive not from the Illinois Constitution but from the Human Rights Act. Specifically, section 2—102(A) prohibits an employer from discharging an employee on the basis of unlawful discrimination (Ill. Rev. Stat. 1983, ch. 68, par. 2—102(A)), which is defined in section 1—103(Q) as including discrimination because of a person's age or handicap (Ill. Rev. Stat.

1983, ch. 68, par. 1—103(Q)). We therefore have a situation where the act itself creates substantive rights unknown at common law and at the same time prescribes the time within which a party must file a charge to redress an alleged deprivation of those rights. Inasmuch as " 'statutes which create a substantive right unknown to the common law and in which time is made an inherent element of the right so created, are not statutes of limitations' " (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 209, quoting *Smith v. Toman* (1938), 368 Ill. 414, 420), the 180-day filing requirement must be deemed to be jurisdictional.

■ In this regard there is no merit to plaintiff's argument that because the time limitation is contained in section 7—102(A)(1) and not in section 2—102(A), which establishes a cause of action for unlawful employment discrimination, it is not an inherent element of the right granted and therefore must be construed to be a statute of limitations. The provisions prohibiting unlawful employment discrimination are merely part of the overall protection afforded individuals by the Human Rights Act. Other portions prohibit discrimination with respect to access to public accommodations (Ill. Rev. Stat. 1983, ch. 68, par. 5—102), the granting of loans (Ill. Rev. Stat. 1983, ch. 68, par. 4—102), the issuance of credit cards (Ill. Rev. Stat. 1983, ch. 68, par. 4—103), and sexual harassment in higher education (Ill. Rev. Stat. 1983, ch. 68, par. 5A—102). Plaintiff would apparently require that each of these sections contain a 180-day time period in order to make the filing requirement an inherent element of the rights created in the statute. Such a view clearly conflicts with the principle that provisions in a statute are to be read in light of the statute as a whole. (*Winks v. Board of Education* (1979), 78 Ill. 2d 128, 135.) Accordingly, the time limitation must be construed to be an inherent element of the rights created in the Act.

■■ Nor do we find persuasive plaintiff's reliance on *Zipes v. Trans World Airlines, Inc.* (1982), 455 U.S. 385, 71 L. Ed. 2d 234, 102 S. Ct. 1127. Federal decisions are not controlling in interpreting Illinois law. (*City of Cairo v. Fair Employment Practices Com.* (1974), 21 Ill. App. 3d 358, 363.) In addition, although the Supreme Court in *Zipes* held that the filing period contained in Title VII was not jurisdictional, the court based its determination in large measure on the legislative history of that provision, finding that Congress intended the time limitation to operate as a statute of limitations. (*Zipes v. Trans World Airlines, Inc.* (1982), 455 U.S. 385, 394-95, 71 L. Ed. 2d 234, 244, 102 S. Ct. 1127, 1133.) In this case, it appears the legislature did, in fact, intend the 180-day time limit to be a jurisdic-

tional limitation. Subsection (A)(1) of section 7—102 sets forth the 180-day requirement for filing a discrimination charge, while subsection (B) compels the Department to serve a copy of the charge upon the respondent within 10 days of its filing and specifically states: "This time period shall not be construed to be jurisdictional." (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(B).) Undoubtedly, had the legislature meant for the 180-day period in subsection (A)(1) to be nonjurisdictional, it could have easily so provided as it did with respect to the 10-day time provision in subsection (B).

Further support for the conclusion that the filing period in question is jurisdictional can be found in two cases which confronted the question of whether the 180-day period within which a complainant was required to file a charge of unfair discrimination under the Fair Employment Practices Act (now the Human Rights Act) constituted a jurisdictional limitation. In both instances the court held that the time limitation was jurisdictional and prevented the Fair Employment Practices Commission from considering a discrimination charge that was not filed within the time prescribed in the statute. *Board of Governors v. Rothbardt* (1981), 98 Ill. App. 3d 423, 426; *Lee v. Human Rights Com.* (1984), 126 Ill. App. 3d 666, 669 (citing *Rothbardt*); see also *Moss-American, Inc. v. Illinois Fair Employment Practices Com.* (1974), 22 Ill. App. 3d 248, 254 (*dictum*).

Based upon the foregoing, the time period for bringing a charge of unlawful employment discrimination under the Human Rights Act on account of being terminated for reasons of age or physical handicap must be construed to be jurisdictional. Having reached this conclusion, we now turn to plaintiff's claim that even if the 180-day period is jurisdictional, the doctrines of tolling and estoppel are nevertheless applicable. Plaintiff bases this contention partly on *Lee v. Human Rights Com.* (1984), 126 Ill. App. 3d 666. As noted earlier, *Lee* and *Board of Governors v. Rothbardt* (1981), 98 Ill. App. 3d 423, both determined that the filing requirement in the Fair Employment Practices Act constituted a jurisdictional limitation. Thus, in *Rothbardt,* the court affirmed the dismissal of a discrimination charge filed after the 180-day period had expired. Although the question of whether the time limitation could be tolled by any of the equitable doctrines did not arise in *Rothbardt,* it was presented in *Lee,* where, despite concluding that an untimely charge deprived the Fair Employment Practices Commission of jurisdiction, the court held that an employer could be estopped from raising the limitations period as a defense if the employer's conduct caused the employee to refrain from bringing a charge within the prescribed filing period. (*Lee v. Human*

*Rights Com.* (1984), 126 Ill. App. 3d 666, 669.) After analyzing the particular facts of the case, the court in *Lee* found no justification for the employee's failure to file a timely charge.

■ Plaintiff urges this court to follow *Lee* and to remand the cause for an evidentiary hearing to consider whether the facts of this case warrant tolling the 180-day filing requirement. Apart from his reliance on *Lee,* plaintiff, while acknowledging the long-standing rule that a jurisdictional or special limitation in a purely statutory cause of action operates as a limitation on the liability itself (*Demchuk v. Duplancich* (1982), 99 Ill. 2d 1, 6; *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 283-84; *Wilson v. Tromly* (1949), 404 Ill. 307, 310), maintains that the Illinois Supreme Court "has been modernizing its views of jurisdictional limitation periods to permit tolling in appropriate circumstances." Important considerations of public policy, he argues, have been regarded by the court as grounds for tolling various jurisdictional limitations.

In the *Lee* case the court did not refer to any public-policy reason for preventing the strict application of the jurisdictional limitation; rather, the only authority cited by the court for the proposition that an employer could be estopped from raising the filing requirement as a defense was *Sabath v. Handler Co.* (1968), 102 Ill. App. 2d 218. *Sabath,* however, did not deal with a jurisdictional limitation but instead held that a defendant in an action alleging breach of contract, negligence and fraud could be estopped from asserting as a defense the plaintiff's failure to comply with a *statute of limitations.* Given the important distinction between jurisdictional limitations and statutes of limitations, *Sabath* hardly stands for the principle that a jurisdictional time period may be tolled by equitable doctrines. Consequently the holding in *Lee* must be viewed narrowly.

We read *Lee* to mean that if a charge is untimely filed because of a party's misleading conduct, that party will be estopped from raising the limitation period as a defense. This, then, is a narrow exception to the jurisdictional time limit.

■ The facts alleged in the case at hand, like those in the *Lee* case, are insufficient to show plaintiff was misled, and, consequently, plaintiff in the case at hand is not entitled to an evidentiary hearing as the charge was properly dismissed.

We find little merit to plaintiff's contention that the Illinois Supreme Court has been—to use his words— "modernizing its views" concerning jurisdictional limitations by permitting tolling on the grounds of public policy. On the contrary, in *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, the su-

preme court recently reaffirmed the well-settled principles plaintiff seeks to discount. *Fredman Brothers* clearly establishes that compliance with a jurisdictional limitation in a purely statutory cause of action constitutes "a condition precedent to the plaintiff's right to seek a remedy." 109 Ill. 2d 202, 209.

An examination of the cases cited by plaintiff, including *Garbe Iron Works, Inc. v. Priester* (1983), 99 Ill. 2d 84, to support his contention that jurisdictional time limits may be subject to tolling reveals circumstances readily distinguishable from those presented in the case at bar. In *Walgreen Co. v. Industrial Com.* (1926), 323 Ill. 194, the court held that the jurisdictional time limit in the Workmen's Compensation Act was tolled during a claimant's minority so long as he was without a guardian, a holding which was reaffirmed in *Kenny v. Industrial Com.* (1983), 93 Ill. 2d 516. In *Moore v. Nick's Finer Foods, Inc.* (1984), 121 Ill. App. 3d 923, a case involving a personal injury action against a dissolved corporation, the court found that the two-year limitations period for bringing suit against a dissolved corporation was subject to being tolled in cases involving minors by virtue of section 13—112 of the Limitations Act. While it is true that in each case the court recognized that the public policy of this State is to carefully protect the rights of minors, the important point, and one which clearly distinguishes those cases from the situation presented here, is that in each instance the court was called upon to construe a specific statutory provision allowing for tolling. The existence of such a provision allowing for tolling. The existence of such a provision was cited as determinative in *Garbe Iron Works, Inc. v. Priester* (1983), 99 Ill. 2d 84, wherein it was held that the automatic-stay provision in the Federal Bankruptcy Act tolled the jurisdictional time period contained in the mechanics' lien statute. In rejecting the argument that the two-year period for enforcing a mechanic's lien could not be tolled, the court stated:

> "Defendants correctly note that the limitation period contained in section 9 of the Mechanics' Liens Act (Ill. Rev. Stat. 1981, ch. 82, par. 9) is not an ordinary statute of limitation since it conditions the right to enforce a mechanic's lien and not the remedy (*North Side Sash & Door Co. v. Hecht* (1920), 295 Ill. 515, 520). They rely on our decision in *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, for the proposition that special limitation periods cannot be tolled. We held there that conditions of minority or incompetency would not toll the special limitation period contained in the Dramshop Act. Our decision, however, was specifically grounded on the legislature's failure to provide for

tolling under those circumstances. Here, unlike *Demchuk,* section 108(c) of the Bankruptcy Act sets forth specific guidelines for tolling under existing circumstances." (99 Ill. 2d 84, 88.)

Clearly, had there been no tolling provision in *Garbe Iron Works,* the court would have followed *North Side Sash & Door Co. v. Hecht* and *Demchuk v. Duplancich,* which hold that strict compliance with a jurisdictional time limitation in a statutory cause of action must be observed.

Plaintiff also refers to *Haymes v. Catholic Bishop of Chicago* (1965), 33 Ill. 2d 425, as another example involving the tolling of a jurisdictional time limitation on public-policy grounds. In that case the court held that provisions in the School Tort Liability Act requiring the giving of written notice of injury within six months of the date of injury were not applicable in cases involving injuries to minors. *Haymes* is inapposite for the simple reason the time period involved there was not a jurisdictional limitation since it was construed not as a condition of liability but only as a limitation on the right to recover.

The best example of a jurisdictional time limitation being tolled on public-policy grounds occurred, according to plaintiff, in *Cessna v. Montgomery* (1976), 63 Ill. 2d 71. *Cessna* addressed the question of whether strict conformance with the two-year filing requirement in the Paternity Act was a condition precedent to maintaining an action to establish paternity. Generally speaking, the Act as it then existed required the mother of an illegitimate child to bring a paternity action within two years of the child's birth. Although the court found the time period to be jurisdictional, it held that a putative father could, in appropriate circumstances, be estopped from raising the filing deadline as a defense.

A lengthy discussion of the supreme court's holding is unnecessary for several reasons. In the first place, *Cessna* was expressly overruled in *Dornfeld v. Julian* (1984), 104 Ill. 2d 261, at least with respect to the determination that the two-year period constituted a jurisdictional limitation on the right to maintain a paternity action. Further, the situation confronting the court in *Cessna* was far different from the one presented here. A careful reading of *Cessna* reveals that the reason for making estoppel available in paternity actions was the relationship between the child's mother and putative father during the time the mother was required to bring an action to establish paternity. If the man voluntarily chose to support the child during that period, the supreme court observed, the mother could be easily lulled into forfeiting a cause of action since "[s]he would be understandably reluctant to file charges against a man during the time he voluntarily

acknowledged and supported the child." (63 Ill. 2d 71, 87.) In contrast to the situation in *Cessna,* where, as here, an employer fires an employee, there no longer exists any relationship between the parties, and therefore it is highly unlikely the employee would be lulled into forfeiting a cause of action for unlawful employment discrimination. Indeed, in this case plaintiff sought legal advice within a month of his termination. Finally, in *Cessna* the court specifically limited its holding to paternity actions, stating: "[W]e hold that under appropriate circumstances a defendant *in a paternity action* may be estopped from raising the two-year limitation period as a defense." (Emphasis added.) (63 Ill. 2d 71, 87-88.) In this regard it is noteworthy that, apart from cases involving actions to establish paternity, not one reported decision has cited *Cessna* for the proposition that a jurisdictional filing requirement may be subject to tolling or estoppel.

In addition to these cases, plaintiff points to *Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, as further support for his claim that the filing period in the Human Rights Act is subject to being tolled. *Springfield-Sangamon* involved a provision in the Fair Employment Practices Act that required the Fair Employment Practices Commission to act within 180 days of the filing of a charge of discrimination by either issuing and serving a complaint or ordering that no complaint be issued. Although not found to be jurisdictional in the sense that it could not be waived, the 180-day period was deemed to be mandatory and comparable to a statute of limitations. "Being a statute of limitations," the court stated, "its application is subject to waiver, estoppel and extension by the parties." (71 Ill. 2d 61, 69.) Plaintiff seizes upon this statement as indicating that equitable tolling doctrines are applicable to civil rights cases and argues that it is consistent with the developing trend regarding the tolling of jurisdictional time periods.

■ We find no merit to plaintiff's argument. The court's observation in *Springfield-Sangamon* concerning the possible application of equitable tolling doctrines to the time period involved there was expressly declared to be *dicta* and of no binding effect in *Board of Governors v. Fair Employment Practices Com.* (1979), 78 Ill. 2d 143, 149. Moreover, after considering the cases cited by plaintiff, it is evident that there is no developing trend allowing for the tolling of jurisdictional time periods. This is particularly true given the views expressed in *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, which clearly sets forth the rule which plaintiff seeks to avoid—that strict observance of a jurisdictional time limitation is a condition precedent to maintaining a cause of action.

■ Based upon the foregoing, we are of the opinion that the Commission properly found that it lacked jurisdiction to consider plaintiff's charge of unlawful discrimination. An administrative agency is analogous to a court of limited jurisdiction and can act only pursuant to the authority conferred on it by statute. (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 112-113.) Any action outside the authority granted by its enabling statute is void. (*Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 129.) Here the Human Rights Act empowers the Department to pursue charges of unlawful discrimination filed within 180 days of the alleged discriminatory conduct. Inasmuch as the filing requirement is jurisdictional, the Department had no jurisdiction to entertain plaintiff's untimely charge.

For the reasons stated, the order entered by the circuit court of Du Page County reversing the Commission's dismissal of plaintiff's charge and ordering the Commission to conduct a hearing regarding whether the circumstances justify tolling the filing deadline is reversed.

Reversed.

NASH, P.J., and REINHARD, J., concur.