2024 IL App (1st) 221497-U

No. 1-22-1497

Order filed May 17, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| WALTER WALCZAK, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Human Rights |
| | ) | Commission. |
| v. | ) | |
| | ) | Charge No. 2020 CR 1788 |
| THE HUMAN RIGHTS COMMISSION, THE | ) | |
| DEPARTMENT OF HUMAN RIGHTS, and | ) | |
| WOODWARD MPC, INC., | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Tailor concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the decision of the Human Rights Commission sustaining the Department of Human Rights' dismissal of petitioner's discrimination charge for lack of jurisdiction where petitioner failed to submit the Equal Employment Opportunity Commission's determination within the time allowed by the Illinois Human Rights Act (775 ILCS 5/1 *et seq.* (West 2018)).

¶ 2   Petitioner Walter Walczak appeals *pro se* from a final decision of the Human Rights

Commission (Commission) pursuant to the Illinois Human Rights Act (Act) (775 ILCS 5/1 *et seq.*

(West 2018)) concerning his age discrimination charge against his former employer, Woodward MPC, Inc. (Woodward). Following petitioner's request that the Commission review the Department of Human Rights' (Department) initial dismissal of his charge for lack of substantial evidence, the Commission remanded the matter to the Department. On remand, the Department dismissed the charge for lack of jurisdiction, and the Commission sustained that dismissal in a final order. On appeal, petitioner argues the Commission's order sustaining the Department's dismissal for lack of jurisdiction should be reversed because he complied with the Act's 30-day time limit for submitting the Equal Employment Opportunity Commission's (EEOC) findings, or, alternatively, that such time limit should be tolled on equitable grounds. For the following reasons, we affirm.

¶ 3     Because the question before us concerns the Department's jurisdiction over the charge, we provide only a limited summary of the facts. On December 3, 2019, petitioner filed with the EEOC a *pro se* charge alleging that on June 7, 2019, Woodward terminated his employment based on his age—then 41 years—and replaced him with a younger person and failed to consider petitioner for reemployment.[1] On the charge form, petitioner identified an address in Niles, Illinois, as his address of record.

¶ 4     The charge was dual filed with the Department by operation of statute on December 3, 2019. 775 ILCS 5/7A-102(A-1) (1) (West 2018) ("If a charge is filed with the [EEOC] within 180 days after the alleged civil rights violation, the charge shall be deemed filed with the Department on the date filed with the EEOC."). Also on that date, the Department mailed a letter to petitioner

---

[1] The Department's investigation report reflects that petitioner filed the charge on December 3, 2019, and perfected it on December 13, 2019.

at his Niles address, noting his charge had been automatically filed with the Department and he would have 30 days after service of the EEOC's findings to submit a copy to the Department and request that it investigate the charge.[2]

¶ 5     On December 13, 2019, the EEOC issued, and mailed to petitioner at his Niles address, a notice dismissing his charge and stating the EEOC did not find any violation of law. On January 25, 2020, petitioner mailed to the Department the EEOC's dismissal notice with a letter asking the Department to investigate the charge.[3]

¶ 6     The Department commenced an investigation, which included interviews with the petitioner and others. In a final report, the Department investigator concluded that Woodward terminated petitioner pursuant to a layoff resulting from the cancellation of a project to which he had been assigned and that he was unable to rebut this legitimate, nondiscriminatory reason for his termination. The investigator therefore recommended a finding of lack of substantial evidence.

¶ 7     On May 4, 2021, the Department issued a notice of dismissal of petitioner's charge, citing a lack of substantial evidence.[4] On July 1, 2021, the Department issued an "amended" dismissal notice that was substantively identical to the original.[5]

---

[2] Neither the Department's letter nor proof of service is included in the record on appeal. We derive this information from the Commission's decision of September 13, 2022.

[3] The record does not include the EEOC's dismissal notice, petitioner's letter of request to the Department, or proof of service of either. We derive this information from petitioner's reply to the Department's response to his request for review dated May 24, 2022, and the Commission's decision of September 13, 2022.

[4] The Department's response to petitioner's first request to the Commission for review states that the parties agreed to extend by 210 days the 365-day statutory time limit for the investigation. See 775 ILCS 5/7A-102(G)(1) (West 2018) (allowing extension upon the parties' agreement).

[5] The dismissal notices are not in the record on appeal. This information is derived from the Commission's decision of September 13, 2022.

¶ 8 On September 10, 2021, petitioner timely filed with the Commission a request to review the Department's dismissal. In response, the Department asked the Commission to vacate the Department's dismissal order and remand to the Department to allow it to investigate its jurisdiction. On December 28, 2021, the Commission entered an order vacating the Department's dismissal order, reinstating petitioner's charge, and remanding to the Department for further proceedings.

¶ 9 On January 7, 2022, the Department issued an "Investigation Report Addendum" recommending dismissal of petitioner's charge for lack of jurisdiction on the ground that petitioner had failed to submit to the Department the EEOC's findings within 30 days after service on him as required by the Act. See 775 ILCS 5/7A-102(A-1) (1)(iv) (West 2018).

¶ 10 On March 27, 2022, petitioner timely filed his request to the Commission for review of the Department's second dismissal. He argued that he met the Act's 30-day deadline and, alternatively, that the deadline should be extended on equitable and due process grounds. He was "unsure exactly when" the EEOC's notice "arrived" by mail at his Florida address. He flew to Chicago on December 20, 2019, and, on December 23, 2019, hand-delivered at the EEOC office in Chicago a letter addressed to "Director Bowman." A copy of Julianne Bowman's response is appended to defendant's request to the Commission. Dated December 31, 2019, Bowman's response letter acknowledges petitioner's "dissatisfaction with the results of the processing of [his] charge," but states that information he provided "would not alter the final action taken" and that "[t]he final dismissal notice [petitioner] received described [his] right to pursue the matter in court by filing a lawsuit within 90 days of [his] receipt of the [EEOC's] dismissal notice."

¶ 11     Petitioner further represented that on a date he cannot recall, but "assume[s]" was "still narrowly within *** the 30-day deadline," he called the Department and was informed that his request to the Department to investigate the charge "'did not need to be long; one sentence w[ould] suffice.'" He "struggled with the task" before calling the Department a second time, "most likely immediately after January 18, 2020, but possibly before." During that call, he "clarified" his intent to file a new charge, because, although he was "still within the 300-day deadline for filing a complaint," he believed he had already missed the 30-day deadline for submitting the EEOC's determination to the Department. The Department's representative instructed petitioner to submit the EEOC's determination "as soon as possible." Petitioner did not file a new charge, but on January 25, 2020, mailed to the Department the EEOC's determination and his request to investigate the charge.

¶ 12     In response, the Department recommended that the Commission sustain the Department's dismissal owing to petitioner's failure to submit the EEOC's dismissal notice within the 30-day period specified in the Act. See 775 ILCS 5/7A-102(A-1) (1)(iv) (West 2018). In reply, petitioner argued that the Department's letter of December 3, 2019, did not clearly convey the deadline for submitting the EEOC's determination, that he could not recall the date he received it, and that he believed his mail was delayed around the time the EEOC mailed it.

¶ 13     On September 13, 2022, the Commission entered its final order sustaining the Department's dismissal. The Commission found, *inter alia*, that petitioner filed his charge with the EEOC on December 3, 2019, and on the same date the Department informed him in writing that after the EEOC issued its determination he would have 30 days to submit it to the Department if he wanted the Department to take further action. The Commission further found that the EEOC

dismissed the charge on December 13, 2019, and that on January 25, 2020, "43 days after he was issued the EEOC's findings," petitioner "wrote a letter to the [Department] requesting investigation into his charge." The Commission noted that section 7A-102(A-1) (1) of the Act requires that when a complainant wants the Department to investigate his charge, he "must submit a copy of the EEOC's determination [to the Department] within 30 days after service of the determination by the EEOC on [the] complainant." *Id.* The Commission found that "[b]ecause [petitioner] did not submit a copy of the EEOC's findings to the [Department] within 30 days, the [Department] d[id] not have jurisdiction over his cause of action." The Commission further found "[t]he Act *** does not provide for the application of equitable principles, and courts have determined that equitable principles should not toll the Act's jurisdictional time limits."

¶ 14   On October 4, 2022, petitioner filed in this court a timely petition for direct review of the Commission's order.

¶ 15   On appeal, petitioner argues that the Commission's order sustaining the Department's dismissal for lack of jurisdiction should be reversed because he complied with the Act's 30-day time limit for submitting the EEOC's findings to the Department, or, alternatively, that such time limit should be tolled on equitable grounds.

¶ 16   The Act provides that it is a civil rights violation for an employer, based on "unlawful discrimination," to "refuse to hire," or to "act with respect to," *inter alia*, discharge from employment. 775 ILCS 5/2-102(A) (West 2018). "[U]nlawful discrimination" includes discrimination against a person who is at least 40 years old based on his or her actual or perceived age. 775 ILCS 5/1-103(A), (Q) (West 2018). The Act is the "exclusive source for redress of civil rights violations." *Village of Maywood Board of Fire & Police Commissioners v. Department of*

*Human Rights*, 296 Ill. App. 3d 570, 581 (1998). The Department, as an administrative agency, is authorized to act only as specified by statute. *Ferrari v. Department of Human Rights*, 351 Ill. App. 3d 1099, 1103 (2004).

¶ 17     Where a complainant timely files an employment-related charge with the EEOC, it is also, on the same date, "deemed filed" with the Department. 775 ILCS 5/7A-102(A-1) (1) (West 2018). The statute further provides:

> "If the EEOC is the governmental agency designated to investigate the charge first, the Department shall take no action until the EEOC makes a determination on the charge and after the complainant notifies the Department of the EEOC's determination. In such cases, after receiving notice from the EEOC that a charge was filed, the Department shall notify the parties that (i) a charge has been received by the EEOC and has been sent to the Department for dual filing purposes; (ii) the EEOC is the governmental agency responsible for investigating the charge and that the investigation shall be conducted pursuant to the rules and procedures adopted by the EEOC; (iii) it will take no action on the charge until the EEOC issues its determination; (iv) the complainant must submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on the complainant; and (v) that the time period to investigate the charge *** is tolled from the date on which the charge is filed with the EEOC until the EEOC issues its determination." *Id.*

Where the Department dismisses a charge, a petitioner may request that the Commission review the Department's decision. *Id.* § 8-103(A)(1).

¶ 18    A complainant may file a petition in this court for direct administrative review of a final decision by the Commission. *Id.* § 8-111(B)(1). Administrative review involves the exercise of "special statutory jurisdiction," which "is limited to the language of the act conferring it." *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 387 (2008). This court may not review the findings of the Department. *Peck v. Department of Human Rights*, 234 Ill. App. 3d 334, 338 (1992).

¶ 19    This court affords deference to an administrative agency's decision, but the amount of deference given depends on the nature of the question presented. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 532 (2006). An administrative conclusion on a question of law is reviewed *de novo*, although the agency's interpretation of a statute "remains relevant where there is a reasonable debate about the meaning of the statute." *Comprehensive Community Solutions, Inc. v. Rockford School District 205*, 216 Ill. 2d 455, 471 (2005).

¶ 20    In contrast, the Commission's findings of fact "shall be sustained unless the court determines that such findings are contrary to the manifest weight of the evidence." 775 ILCS 5/8-111(B)(2) (West 2022). Thus, this court substantially defers to the agency on questions of fact. *Zaderaka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 180 (1989); see also *All Purpose Nursing Service v. Illinois Human Rights Comm'n*, 205 Ill. App. 3d 816, 826 (1990) (an administrative agency's decision is not contrary to the manifest weight of the evidence, and must be sustained on judicial review, if any evidence in the record supports the agency's decision).

¶ 21    Finally, we review for clear error a mixed question of fact and law, *i.e.*, one which "'asks the legal effect of a given set of facts,' under which 'a reviewing court must determine whether established facts satisfy applicable legal rules.'" *People v. Johnson*, 2022 IL App (1st) 201371,

¶ 81 (quoting *Comprehensive Community Solutions, Inc.*, 216 Ill. 2d at 471-72); see also *Cook County Republican Party v. Illinois State Board of Elections*, 232 Ill. 2d 231, 245 (2009) (under the clear error standard, reversal is warranted only when the reviewing court has a definite and firm conviction that a mistake has been made).

¶ 22    Depending on the nature of the case, whether an administrative agency has jurisdiction over a matter may be a question of law reviewed *de novo* (*Board of Education of the City of Chicago v. Cady*, 369 Ill. App. 3d 486, 493 (2006)), or a mixed question of law and fact reviewed for clear error (*Jones v. Lockard*, 2011 IL App (3d) 100535, ¶¶ 16-17).

¶ 23    Here, the relevant factual findings of the Commission include that (1) on December 3, 2019, the Department mailed petitioner a letter notifying him that he must send the Department the EEOC's findings within 30 days if he wanted the Department to take further action on his charge; (2) on December 13, 2019, the EEOC dismissed petitioner's charge; (3) on January 25, 2020, petitioner wrote a letter to the Department requesting an investigation into his charge; and (4) petitioner did not submit the EEOC's findings to the Department within 30 days after service of the EEOC's determination on him as required by section 7A-102(A-1)(1)(iv).

¶ 24    Of these findings, petitioner disputes only the fourth, contending that "service" of the EEOC's determination occurred upon his actual receipt and, alternatively, that equitable principles should be applied to toll the 30-day deadline for submitting the EEOC's findings to the Department. However, these are purely legal questions, as they concern the proper interpretation of the Act and applicable regulations and as petitioner does not contest the dates of the relevant mailings. See *Cigna v. Human Rights Comm'n*, 2020 IL App (1st) 190620, ¶ 23 ("The interpretation of statutes and regulations is a question of law, which we review *de novo*."); *Jones*,

2011 IL App (3d) 100535, ¶ 16 (noting *de novo* review applies where "'our review hinges on the interpretation of the Act'" alone) (quoting *Gusciara v. Lustig*, 346 Ill. App. 3d 1012, 1017-18 (2004)). Thus, our review in this case is *de novo.*

¶ 25    Because the Department is an administrative agency, its authority to act is derived solely from statute. *Ferrari*, 351 Ill. App. 3d at 1103. Stated differently, the Department, as an administrative agency, exceeds its jurisdiction where it acts beyond the scope of its statutorily derived authority. *Id.*; see also *Pickering v. Human Rights Comm'n*, 146 Ill. App. 3d 340, 352 (1986) (an administrative agency can act only "pursuant to the authority conferred on it by statute").

¶ 26    Here, petitioner concedes that the EEOC issued its determination, and mailed it to him at his Niles address, on December 13, 2019, and that he submitted it by mail to the Department on January 25, 2020. However, he argues the Commission's order should be reversed because the 30-day deadline under section 7A-102(A-1) (1)(iv) was triggered on the date of his *actual receipt* of the EEOC's determination. He argues the winter holidays and his then-recent move to Florida likely occasioned a delay of his mail, such that "it is reasonable to conclude" he received the EEOC's determination no earlier than January 1, 2020. On this basis, he argues his mailing of the EEOC's determination to the Department on January 25, 2020, was within the 30-day period as prescribed by section 7A-102(A-1) (1)(iv), thus, the Department had jurisdiction to review his charge.

¶ 27    In support of his position that the date of his actual receipt of the EEOC's determination triggered the 30-day period for submitting it to the Department, petitioner notes that both section 7A-102(A-1) (1)(iv) and the Department's December 3, 2019, letter specify that "service" of the

EEOC's determination "on" the complainant, rather than "to" him, triggers the 30-day time limit. Petitioner argues such language implies the 30-day period is triggered by the complainant's actual receipt of the EEOC's determination when such is sent to the complainant by mail. Petitioner also quotes a Department regulation, titled "EEOC Dual Filed Charges," which provides that the Department "may" dismiss a dual filed charge for lack of jurisdiction "[i]f the complainant fails to submit a copy of the EEOC's final determination to the Department within 30 days after *receipt* of the EEOC's final determination." (Emphasis added.) Ill. Admin. Code tit. 56, § 2520.490(d) (eff. Apr. 21, 2014).

¶ 28    After examining the record, we find that the Commission did not err in sustaining the Department's dismissal of petitioner's charge for lack of jurisdiction. Contrary to petitioner's argument, the language of section 7A-102(A-1) (1)(iv) is mandatory and does not permit an extension of the 30-day period. The statute provides that "the complainant *must* submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on the complainant." (Emphasis added.) 775 ILCS 5/7A-102(A-1) (1)(iv) (West 2018). The Department regulation governing service in effect when petitioner filed his charge stated that "[s]ervice by mail shall be deemed complete five days after mailing of the document, properly addressed and posted for delivery to the person to be served." Ill. Admin. Code tit. 56, § 2520.30 (eff. Dec. 28, 2004).

¶ 29    Here, the record shows that petitioner received the EEOC's determination on December 18, 2019. This date of receipt triggered section 7A-102(A-1) (1)(iv), such that petitioner had until January 17, 2020—the 30th day—to "submit" a copy of the EEOC's determination to the

Department.[6] However, because he waited until January 25, 2020, to do so, he did not meet the statutory deadline. As noted, the language of section 7A-102(A-1) (1)(iv) is mandatory, and nothing in the Act authorizes the Department to excuse the requirement or to exercise jurisdiction where the deadline is missed. See *Pickering*, 146 Ill. App. 3d at 352 ("An administrative agency is analogous to a court of limited jurisdiction and can act only pursuant to the authority conferred on it by statute.") (citing *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d 108, 112-13 (1976)).

¶ 30    Petitioner does not dispute that the EEOC mailed its determination to his address of record on December 13, 2019. Rather, he states he cannot recall details of the potential general delay in his mail and does not recall the date he received the EEOC's determination.

¶ 31    These vague and unsupported representations fail to rebut the regulatory presumption that he received the EEOC's determination on December 18, 2019, and therefore had until January 17, 2020, to submit a copy of the determination to the Department. Because he waited until January 25, 2020, to do so, he did not meet the statutory deadline. As previously noted, the language of section 7A-102(A-1) (1)(iv) is mandatory, and nothing in the Act authorizes the Department to excuse the requirement or to exercise jurisdiction where the deadline is missed. See *Pickering*, 146 Ill. App. 3d at 352.

¶ 32    Nevertheless, petitioner argues that equitable principles should be applied to toll the deadline to allow the Department to consider his charge. He alleges that during his second phone call with the Department, the representative "misled [petitioner] to believe that [his] request for

---

[6] For purposes of the computation of time under the Department's regulations, we take judicial notice of the fact that none of these dates was a Saturday, Sunday, or state holiday. See Ill. Admin. Code tit. 56, § 2520.20 (eff. Nov. 4, 1994).

investigation would be processed" if he "'sen[t] it as soon as possible,'" and that he "complied" by mailing the EEOC's determination along with his request for investigation to the Department, on January 25, 2020. He suggests that, had the Department not "misled" him during the second call, he could have preserved his claim by filing a new charge, given that 300 days had not yet lapsed since the alleged discrimination. See 775 ILCS 5/7A-102(A)(1) (West 2018) (permitting a complainant to file a civil rights claim within 300 days after the alleged civil rights violation).

¶ 33 Although a statute of limitations is generally subject to waiver, estoppel, or tolling, a time-limiting statute that is deemed to be "jurisdictional" is not. *Jenkins v. Lustig*, 354 Ill. App. 3d 193, 197 (2004). A statute of limitations is procedural in nature and merely "'fix[es] the time within which the remedy for a particular wrong may be sought.'" *Pickering*, 146 Ill. App. 3d at 347-48 (quoting *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 209-10 (1985)). In contrast, a jurisdictional time limit in a statute creates "'a substantive right unknown to the common law'" wherein "'time is made an inherent element of the right so created.'" *Pickering*, 146 Ill. App. 3d at 344 (quoting *Fredman Brothers Furniture Co.*, 109 Ill. 2d at 209-10). Stated differently, "a jurisdictional or special limitation in a purely statutory cause of action operates as a limitation on the liability itself." *Pickering*, 146 Ill. App. 3d at 348.

¶ 34 Here, the Commission did not err in rejecting petitioner's tolling argument. The Commission properly relied on cases where this court deemed deadlines under the Act "jurisdictional" and not subject to equitable tolling. See *Davis v. Human Rights Comm'n*, 286 Ill. App. 3d 508, 520 (1997); *Robinson v. Human Rights Comm'n*, 201 Ill. App. 3d 722, 729 (1990).

¶ 35 This court has deemed section 7-102(A)(1) to be jurisdictional, resulting in affirmances of dismissals of untimely filed charges for lack of jurisdiction. See *Robinson*, 201 Ill. App. 3d at 727-

29; *Pickering*, 146 Ill. App. 3d at 352; *Weatherly v. Illinois Human Rights Comm'n*, 338 Ill. App. 3d 433, 438 (2003); but see *Gonzalez v. Human Rights Comm'n*, 179 Ill. App. 3d 362, 368 (1989) (declining to decide whether compliance with section 7-102(A)(1) is jurisdictional).

¶ 36     In the present case, tolling could not apply to extend the 30-day deadline under section 7A-102(A-1)(1). Petitioner represented that when he placed the second call to the Department, he believed he had already missed the deadline and that the Department advised him to submit his request as soon as possible. However, the deadline was January 17, 2020, whereas petitioner argues the call "likely" occurred *after* January 18, 2020. Moreover, regardless of when the second call occurred, nothing in the Department's instruction, as described by petitioner, can be fairly construed as actively misleading or unfair. See *id.* Nor does petitioner support his claim that, had the Department not misled him, he could simply have cured the untimeliness of his submission of the EEOC's determination by filing a new charge. See Ill. Admin. Code tit. 56, § 2520.490(h) (eff. Apr. 21, 2014) (where a complainant files a charge with the EEOC "and then files a charge containing the same or similar allegations with the Department" the Department may close the "duplicate charge" and process the original "pursuant to [s]ection 7A-102(A-1)"). In sum, we find that equitable principles, even if potentially applicable where the 30-day deadline of section 7A-102(A-1) (1)(iv) is missed, could not apply in this case.

¶ 37     For the foregoing reasons, we affirm the Commission's order sustaining the Department's dismissal of petitioner's charge for lack of jurisdiction.

¶ 38     Affirmed.