CHRIST HOSPITAL AND MEDICAL CENTER, Plaintiff-Appellee, v. THE HUMAN RIGHTS COMMISSION *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 1—93—2339, 1—93—2657 cons.

Opinion filed March 2, 1995.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of counsel), for appellants Human Rights Commission and Department of Human Rights.

Law Offices of Nicholas C. Syregelas, of Chicago, for appellant Charles Hughes.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Christ Hospital brought this action for injunctive relief and a declaratory judgment. The hospital sought a declaratory judg-

ment that the Illinois Department of Human Rights (Department) lacked statutory authority to file an employment discrimination complaint against it with the Human Rights Commission (Commission). The hospital also sought to enjoin the Commission from requiring an answer to the complaint. The circuit court granted the relief sought, and defendants appeal. We affirm in part, reverse in part, and remand.

Charles Hughes filed an employment discrimination charge against the hospital, his employer, with the Department under the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1987, ch. 68, par. 1—101 et seq.). He alleged that the hospital fired him in retaliation for earlier discrimination charges filed with the Department. The Department investigated the charge, then filed a complaint with the Commission on February 24, 1992, 1,392 days after Hughes filed the original charge.

The hospital moved to dismiss the complaint arguing that the Department lacked statutory authority to file the complaint because the time period for filing had expired, citing section 7A—102(G) of the Act. That section provides:

"(1) When a charge of a civil rights violation has been properly filed, the Department, within 300 days thereof or within any extension of that period agreed to in writing by all parties, shall either issue and file a complaint *** or shall order that no complaint be issued. ***

(2) Within 30 days of the expiration of the 300-day period or such longer period as shall have been agreed upon pursuant to subparagraph (1), the aggrieved party may file a complaint with the Commission, if the Department has not sooner filed a complaint or ordered that no complaint be issued. ***

(3) Unless and until the aggrieved party files a complaint with the Human Rights Commission pursuant to paragraph (2) of this subsection, the Department shall continue its investigation and conclude it with the greatest promptness that is administratively feasible." (775 ILCS 5/7A—102(G) (West 1992).)

The Commission referred the motion to an administrative law judge, who denied it. The Commission adopted the findings of the administrative law judge and directed the hospital to answer the complaint. The administrative law judge relied on the decision in *Wildwood Industries v. Illinois Human Rights Comm'n* (1991), 220 Ill. App. 3d 12, 580 N.E.2d 172. In *Wildwood*, the Department filed complaints with the Commission two years after employees had filed charges with the Department. The court held that the 300-day filing period of section 7A—102(G) was not mandatory. *Wildwood*, 220 Ill. App. 3d at 22.

The hospital then filed a complaint for declaratory judgment and a temporary restraining order in the circuit court. The hospital sought a declaration that the Department lacked statutory authority to file the complaint because the time limit for filing had expired and a declaration that the Commission lacked jurisdiction to entertain the complaint for the same reason. The temporary restraining order, prohibiting the Commission from going forward with the complaint, was granted. The hospital then filed a petition for a preliminary injunction alleging, for the first time, that the complaint was barred by *laches*.

The circuit court permitted discovery, held an evidentiary hearing on the *laches* issue, then granted the preliminary injunction. The court ruled that, although the time limitation under the Act is directory rather than mandatory, the Department "is subject to a finding of laches and is declared to be without statutory authority to issue and file its complaint of a civil rights violation with the Commission." The court then entered a permanent injunction which bars the Commission from requiring the hospital to answer or defend against the complaint. Hughes, the Department and the Commission filed appeals, which we consolidated.

■ A circuit court's subject matter jurisdiction on administrative review is limited by statute. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893.) "In the exercise of special statutory jurisdiction, if the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court. [Citations.] The Administrative Review Act was 'an innovation and departure from the common law, [and] the procedures it establishes must be pursued ***.' " *Fredman*, 109 Ill. 2d at 210, quoting *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595.

■ The general rule under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1992)) is that a party aggrieved by an agency action must pursue all available administrative remedies before seeking judicial review. (*Phillips v. Graham* (1981), 86 Ill. 2d 274, 427 N.E.2d 550.) But injunctive or declaratory relief in the circuit court is available before final agency action if the jurisdiction or authority of the agency is questioned. (*Castaneda v. Human Rights Comm'n* (1989), 132 Ill. 2d 304, 547 N.E.2d 437.) The hospital's complaint, which questioned the authority of the Department to file the complaint and the jurisdiction of the Commission to act upon it because of the statutory time limit, was properly before the circuit court.

■ The court ruling that the time limitation of section 7A—102(G) of the Act is directory rather than a mandatory jurisdictional limitation is correct. (See *On-Line Financial Services, Inc. v. Department of Human Rights* (1992), 228 Ill. App. 3d 99, 592 N.E.2d 509; *Wildwood*, 220 Ill. App. 3d 12, 580 N.E.2d 172.) It follows that the Department had statutory authority to file the complaint and the Commission had jurisdiction to act upon it. The court at this point should have remanded the case to the agency with appropriate instructions. But it went on to allow discovery and hold a hearing on the *laches* issue.

■ The doctrine of *laches* can be invoked to bar administrative complaints. (See *Mank v. Board of Fire & Police Commissioners* (1972), 7 Ill. App. 3d 478, 288 N.E.2d 49.) But *laches* is not a statute of limitations. (*Renth v. Krausz* (1991), 219 Ill. App. 3d 120, 579 N.E.2d 11.) It is an equitable doctrine that grants or denies relief based upon the facts of the case. (*Monroe v. Civil Service Comm'n* (1965), 55 Ill. App. 2d 354, 358, 204 N.E.2d 486.) The hospital raised the issue of *laches* for the first time in its petition for a preliminary injunction before the circuit court. Under section 3—110 of the Administrative Review Law (735 ILCS 5/3—110 (West 1992)), a court lacks jurisdiction to consider questions not raised in the administrative record. The court here considered fact questions of prejudice based upon *laches* not raised before the Commission, and so exceeded its authority. See *Jackson v. Department of Labor* (1988), 168 Ill. App. 3d 494, 523 N.E.2d 5.

■ The only issues properly before the court were the Department's statutory authority to file the complaint and the jurisdiction of the Commission to entertain it. The order granting the permanent injunction based on *laches* is vacated.

The hospital has the right to raise the equitable defense of *laches* before the Commission on remand. Though the statute is directory, the Department cannot ignore and the Commission must address, if the issue is raised, the statutory requirement that the Department conclude its investigation "with the greatest promptness that is administratively feasible." See 775 ILCS 5/7A—102(G)(3) (West 1992).

Affirmed in part, reversed in part, and remanded to the circuit court for entry of an order remanding the matter to the Commission for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

HOFFMAN, P.J., and THEIS, J., concur.