No. 2--03--0310

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

BONNIE GUSCIARA,                          ) Petition for review of order of Chief Legal

                             ) Counsel of Department of Human Rights.

Petitioner,      )

      )

v.      ) Charge No. 01--CF--1667

      )

JACQUELINE LUSTIG, Chief Legal Counsel    ) 

of the Department of Human Rights;      )

THE DEPARTMENT OF HUMAN      )

RIGHTS; CORPORATE EXECUTIVE              )

OFFICES, INC.; and JOSEPH BLANK,             )

                                                                           )

Respondents.                             )

______________________________________________________________________________

JUSTICE KAPALA delivered the opinion of the court:

Petitioner, Bonnie Gusciara, appeals an order of  respondent Jacqueline Lustig, chief legal counsel of the Illinois Department of Human Rights (Department), dismissing part of petitioner's charge against her employer, Corporate Executive Offices, Inc. (CEO), and its president, Joseph Blank (collectively respondents).  As pertinent here, petitioner's charge alleged that respondents subjected her to sexual harassment by engaging in acts that had the purpose or effect of substantially interfering with her work performance or creating a hostile working environment (see 775 ILCS 5/2--101(E) (West 2000)).  The chief legal counsel ruled that these allegations were barred by section 7A--102(A)(1) of the Illinois Human Rights Act (Act) (775 ILCS 5/7A--102(A)(1) (West 2000))  because the charge was filed more than 180 days after the alleged civil rights violation was committed.

On appeal, petitioner argues that the sexual harassment claims were timely because the alleged hostile work environment resulted in part from acts that occurred within the 180-day period of section 7A--102(A)(1).  Petitioner asserts that because sexual harassment that causes a hostile work environment is a single prohibited practice, a charge based on that practice is timely if any of the harassment that contributed to the hostile work environment occurred no more than 180 days before the charge was filed.  Petitioner relies on 
National R.R. Passenger Corp. v. Morgan
, 536 U.S. 101, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002), which, she claims, establishes a similar construction of the limitations provision for "hostile work environment" claims brought under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e 
et seq
. (2003)). 

We agree with petitioner that 
Morgan
's construction of Title VII should govern the construction of the Act and that under 
Morgan
, the chief legal counsel erred in dismissing petitioner's sexual harassment claims.  Therefore, we reverse the dismissal and remand the cause.

On January 12, 2001, petitioner filed her charge.  She alleged that since 1999, CEO had employed her as a receptionist.  As "[p]rima facie allegations of sexual harassment," the charge stated that during 2000, Blank repeatedly made provocative remarks and touched her; that his advances were unwelcome and that petitioner told him so; and that because Blank was CEO's sole director and shareholder, there was no one else in the company to whom she could complain.  As "[p]rima facie allegations of retaliation," the charge repeated the previous assertions and added that on August 21, 2000, petitioner wrote Blank demanding that he stop his harassment because it was causing a hostile work environment; that Blank retaliated by changing petitioner's job duties; and that in December 2000, petitioner learned that she would be demoted and her salary reduced.  Finally, as "[p]rima facie allegations of aid and abet liability [
sic
] of Joseph Blank
," the charge stated that Blank personally engaged in the harassment and retaliation. 

On January 7, 2002, the Department issued a notice that, after receiving the report from its investigator, it had decided to dismiss petitioner's charge.  The notice reorganized the charge into six "allegations."  Allegations A and B were based on petitioner's claims that CEO and Blank, respectively, had sexually harassed her between January and June 2000.  Allegations C and D were based on petitioner's claims that CEO and Blank, respectively, had sexually harassed her on August 16, 2000.  Allegation E was based on the retaliation claim.  Allegation F was based on the "aiding and abetting" claim against Blank.  The Department ruled that the first two allegations were barred by section 7A--102(A)(1), which requires that a charge be filed "[w]ithin 180 days after the date that a civil rights violation allegedly has been committed."  775 ILCS 5/7A--102(A)(1) (West 2000).  The Department held that the four remaining allegations were unsupported by substantial evidence.

The Department explained its decision as follows.  On March 7, 2001, petitioner sued respondents in the circuit court of Du Page County.  The complaint sounded in sexual assault and battery and alleged that the acts of sexual harassment took place from January to June 2000.  Therefore, the Department had "corrected" petitioner's charge "to indicate that the alleged sexual harassment occurred between January and June, 2000."  Because the charge was filed January 12, 2001, more than 180 days after June 2000, allegations A and B were untimely and the Department lacked the jurisdiction to consider them.

The Department dismissed allegations C and D for lack of substantial evidence but not for untimeliness.  While the Department's investigation report noted numerous specific incidents of alleged harassment, it stated that petitioner had not clarified the dates of most of these incidents and that her civil complaint alleged that they occurred between January and June 2000.  However, there were two exceptions:

"[Petitioner] stated that on August 16, 2000, Joseph Blank put his hands on her hips as he moved her away from the laser printer instead of asking her to move and that on the above date, Joseph Blank commented[,] 'Yeah, maybe if I have Bonnie *** stand out side [
sic
] in the front of the building, instead of putting the new sign out next week, then maybe we will start getting more tenants.' "

According to the report, these two incidents "
did not rise to the level of sexual harassment." 

On February 13, 2002, petitioner filed a request for review.  In contending that allegations A and B were timely, she argued as follows.  On October 31, 2001, petitioner's attorney sent the Department's investigator a letter stating that documents indicated that Blank was at CEO's main office on at least four days in July 2000 and three days in August 2000.  The letter claimed that acts of sexual harassment creating a hostile work environment would have occurred "during some (if not most) of these dates." Also, on August 21, 2000, petitioner faxed Blank her letter demanding that he cease harassing her.

Respondents filed a response. They argued in part that in January 2001, petitioner had not been able to allege any incidents of sexual harassment occurring after July 16, 2000 (and thus within 180 days of when she filed her charge) other than the "hands on hips" incident, the "stand in front of the building" comment, and some unspecified "subtle remarks."  The response attached a copy of petitioner's affidavit, which was dated January 19, 2001.  The affidavit stated in part that between June 2000 and August 21, 2000, Blank made "subtle remarks, none of which [petitioner] can specifically recall"; that once "in approximately August 2000," Blank grabbed petitioner's hips and moved her away from a document scanner; and that during the week of August 16, 2000, after Blank met with a maintenance man about a sign outdoors, Blank told petitioner, "Maybe you should stand out there and we would get more tenants."   

The response also attached a copy of petitioner's civil complaint and some of petitioner's answers to interrogatories in the civil suit. The complaint alleged that from "January, 2000 through June, 2000," Blank committed various "acts of assault and battery."  In her answers to the interrogatories, petitioner stated that a temporary worker was present during the August 16, 2000, "hands on hips" incident and that a maintenance man was present on August 16, 2000, when Blank made his "stand in front of the building" comment.

On August 12, 2002, the Department vacated the dismissal of all the allegations--now denominated "counts"--except count F and remanded the cause to its charge processing division "for further work as necessary" on counts A through E.  The Department explained that it had not sufficiently investigated several aspects of the case, including when the sexual harassment allegedly occurred and whether the incidents "constituted a continuing violation."  However, on August 16, 2002, the Department issued a notice that it was dismissing the five remaining counts because counts A and B were time-barred and counts C through E were unsupported by substantial evidence.  The Department attached documentation that it had asked petitioner to identify those incidents of sexual harassment that occurred during the "jurisdictional time period" but that petitioner had not done so.

On September 23, 2002, petitioner filed a request for review.  She reiterated some of the arguments in her request for review of the first dismissal order.  Petitioner also attached a copy of an amendment that she had made to her civil complaint.  The amendment alleged that "[d]uring the months of approximately January 2000 through August 21, 2000, Blank committed *** acts of assault and battery," including repeatedly slapping petitioner's buttocks and touching her around the neck, waist, or shoulders; rubbing the front of his body against the rear of her body; placing his hand inside her blouse; trying to kiss her; and partially undressing in front of her.  Petitioner argued that under 
Morgan
, she could recover for acts that took place outside the 180-day jurisdictional period for filing a charge as long as those acts were part of a hostile work environment that also included at least one act that occurred within the 180-day period.

Respondents contended that the continuing violation doctrine could not rescue petitioner's sexual harassment allegations because the only two incidents occurring fewer than 180 days before the charge was filed were "minor and non-sexual in nature" and that
 the August 16, 2000, incident was not "related" to the prior incidents of harassment.  Respondents argued that these facts distinguished this case from 
Morgan
.

On February 10, 2003, the chief legal counsel sustained the dismissal of counts A and B for lack of jurisdiction but vacated the dismissal of counts C, D, and E.  The chief legal counsel's order reviewed the conflicting testimony about the two alleged incidents of August 16, 2000, and held that charges C and D were supported by substantial evidence that respondents had subjected petitioner to "conduct of a sexual nature which created a hostile work environment."  The order noted that the acts of sexual harassment on which counts A and B were based all occurred before July 16, 2000, or more than 180 days before petitioner filed her charge.  Although the acts of sexual harassment on which counts C and D were based did occur fewer than 180 days before petitioner filed her charge, that did not rescue counts A and B because petitioner had never "presented evidence that specific events occurring outside of the jurisdictional period were related to specific events occurring within the jurisdictional time period."  The chief legal counsel's order specified that there was no just reason to delay enforcement or appeal (see 155 Ill. 2d R. 304(a)).  Petitioner timely appealed.

Petitioner argues that the chief legal counsel erred in dismissing her sexual harassment claims as untimely under section 7A--102(A)(1) of the Act.  That section states that, "Within 180 days after the date that a civil rights violation allegedly has been committed, a charge in writing under oath or affirmation may be filed with the Department."  775 ILCS 5/7A--102(A)(1) (West 2000).  According to petitioner, the chief legal counsel erred because she failed to adhere to 
Morgan
 by treating all of the alleged incidents of harassment as a single actionable wrong that persisted until at least August 16, 2000.  Thus, petitioner reasons, had the chief legal counsel correctly applied
 Morgan
, she would have concluded that petitioner timely filed her entire claim of sexual harassment.   Respondents observe that compliance with section 7A--102(A)(1)'s 180-day time limit is jurisdictional.  See 
Faulkner-King v. Department of Human Rights
, 225 Ill. App. 3d 784, 792 (1992).  They argue that (1) under Illinois case law predating 
Morgan
, the chief legal counsel properly dismissed the sexual harassment claims; and (2) even if 
Morgan
 should control the interpretation of the Act, 
Morgan
 is distinguishable.  For the reasons that follow, we agree with petitioner.

We will not disturb the chief legal counsel's decision to sustain the dismissal of a charge unless the decision was arbitrary, capricious, or an abuse of discretion.  
Webb v. Lustig
, 298 Ill. App. 3d 695, 704 (1998).  However, to the extent that our review hinges on the interpretation of the Act, it raises a question of law that we review 
de novo
.  See 
In re Marriage of Beyer
, 324 Ill. App. 3d 305, 309 (2001).  We hold that (1) the Act is governed by the 
Morgan
 rule; and (2) under this standard, the chief legal counsel abused her discretion in dismissing petitioner's sexual harassment claims.

In construing and applying the Act, including section 7A--102(A)(1),  Illinois courts have long followed federal cases interpreting Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e (2003)).  See 
Zaderaka v. Illinois Human Rights Comm'n
, 131 Ill. 2d 172, 178-79 (1989) (applying federal courts' allocation of burden of proof); 
Graves v. Chief Legal Counsel of the Department of Human Rights
, 327 Ill. App. 3d 293, 297-98 (2002) (applying federal case law to construction of section 7A--102(A)(1)); 
Lee v. Human Rights Comm'n
, 126 Ill. App. 3d 666, 670-72 (1984) (same).

Graves
 held that a claim of employment discrimination that is based partly on acts that occurred outside the jurisdictional period may be untimely even if all of the acts contributed to the same hostile work environment.  The court held that acts outside the 180-day period and acts within the period may form one "continuing violation" if the earlier and later acts are "sufficiently closely related."  
Graves
, 327 Ill. App. 3d at 298, relying on 
Filipovic v. K&R Express System, Inc.
, 176 F.3d 390, 396 (7th Cir. 1999).  However, under the Seventh Circuit's construction of Title VII, a claim based on such facts is not timely if the acts that occurred  more than 180 days before the charge was filed were sufficient to place the claimant on notice that she already had a substantial claim of sexual harassment.  
Graves
, 327 Ill. App. 3d at 298-99, relying on 
DeClue v. Central Illinois Light Co.
, 223 F.3d 434, 435-46 (7th Cir. 2000), and 
Galloway v. General Motors Service Parts Operations
, 78 F.3d 1164, 1167 (7th Cir. 1996). In 
Galloway
, the Seventh Circuit reasoned that it is only fair to start the jurisdictional clock running as soon as the would-be claimant is on notice that she has a  cause of action.  
Galloway
, 78 F.3d at 1167.  Thus, if the acts occurring outside the jurisdictional period already give rise to a valid claim, any acts occurring within the period will not extend the time in which to file a charge.

However, 
Morgan
 overruled the 
Galloway
 doctrine and established a more generous rule for a claim of employment discrimination based on a hostile work environment.  In 
Morgan
, the Court construed Title VII's requirement that a charge be filed within either 180 or 300 days " 'after the alleged unlawful employment practice occurred.' " 
Morgan
, 536 U.S. at 105, 153 L. Ed. 2d at 117, 122 S. Ct. at 2068, quoting 42 U.S.C. §2000e--5(e)(1) (1994).  The Court ruled that a suit based on a 
discrete
 act of discrimination that occurred outside the applicable period is untimely.  
Morgan
, 536 U.S. at 105, 153 L. Ed. 2d at 117, 122 S. Ct. at 2068.  However, because a "hostile work environment" results from the "cumulative effect 
of individual acts" (
Morgan
, 536 U.S. at 115, 153 L. Ed. 2d at 123, 122 S. Ct. at 2073), these acts "collectively constitute one 'unlawful employment practice.'  "  
Morgan
, 536 U.S. at 117, 153 L. Ed. 2d at 124, 122 S. Ct. at 2074, quoting 42 U.S.C. §2000e--5(e)(1) (1994).  Therefore:

"It is precisely because the entire hostile work environment encompasses a single unlawful employment practice that we do not hold, as have some of the Circuits, that the plaintiff may not base a suit on individual acts that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on such conduct. *** Given, therefore, that the incidents comprising a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim.  In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of 
any
 act that is part of the hostile work environment."  (Emphasis added.)  
Morgan
, 536 U.S. at 117, 153 L. Ed. 2d at 125, 122 S. Ct. at 2075.

The Court qualified this holding by specifying that an act that occurs within the prescribed period will not enable an employee to recover for acts occurring outside the period if the later act "had no relation to the [earlier] acts" or if, "for some other reason, such as certain intervening action by the employer," the more recent act was "no longer part of the same hostile environment claim."  
Morgan
, 536 U.S. at 118, 153 L. Ed. 2d at 125, 122 S. Ct. at 2075. 

Respondents urge us to adhere to 
Graves
 and thus to the 
Galloway
 test.  We decline to do so.   Respondents are correct that our state courts are not 
required
 to interpret our statutes in lockstep with the federal courts' interpretation of cognate federal statutes.  However, respondents' argument is strained in that 
Graves
 was based on just such a "lockstep" process of interpretation.  Respondents thus ask us to adhere to the bare holding of 
Graves
 but to discard the more general premise on which it rests--that Illinois courts ought to construe the Act, including section 7A--102(A)(1), in harmony with the federal courts' construction of Title VII.  See 
Graves
, 327 Ill. App. 3d at 297-98; 
Lee
, 126 Ill. App. 3d at 672.  Were there some compelling reason to interpret the Act inconsistently with the federal courts' construction of Title VII, we might do so.  However, just as the Supreme Court saw no compelling need to adhere to the 
Galloway
 doctrine, neither do we. 

We hold that, with one exception to be noted, 
Morgan
's construction of Title VII's limitations provision applies to the interpretation of section 7A--102(A)(1) of the Act.  Thus, a charge of sexual harassment based on a hostile work environment is timely as long as any of the acts that contributed to the hostile environment occurred no more than 180 days before the claimant filed her charge unless (1) the acts within the jurisdictional period had no relation to those outside the period; or (2) for some other reason, the later act was no longer part of the same hostile environment claim. 

 We do diverge from 
Morgan
 in one important respect.  The Supreme Court held that because Title VII's limitations provision is not jurisdictional, it is subject to equitable doctrines such as waiver, estoppel, and tolling.  
Morgan
, 536 U.S. at 121, 153 L. Ed. 2d at 127, 122 S. Ct. at 2076.  Because section 7A--102(A)(1)'s time limit is jurisdictional, we do not incorporate such equitable defenses into section 7A--102(A)(1).  Nonetheless, we are confident that 
Morgan
's holding will discourage potential claimants from undue delay in filing charges.  Once an employer has committed sufficient acts to create a hostile work environment, the employee who waits more than 180 days to file a charge may find that new acts, if any, are either unrelated to the earlier ones or not a part of the same hostile environment.  In such circumstances, which become increasingly likely with the passage of time, she risks losing the right to recover for earlier acts that would otherwise have been actionable. 

We now apply 
Morgan
 to this case.  Petitioner has alleged that respondents committed a variety of sexually harassing acts that cumulatively created a hostile work environment. The only two alleged acts that occurred within the 180-day jurisdictional period were the "hands on hips" incident and the "stand in front of the building" remark (both allegedly taking place on August 16, 2000). Nonetheless, under 
Morgan
, the creation of a hostile work environment is a single prohibited employment practice, and the charge based on this alleged practice is timely "so long as an act contributing to that hostile environment [took] place within the statutory time period."  
Morgan
, 536 U.S. at 105, 153 L. Ed. 2d at 117, 122 S. Ct. at 2068.  Thus, unless this case fits into some exception to 
Morgan
, the entire charge was timely and the chief legal counsel erred in concluding otherwise. Respondents argue that 
Morgan
 is distinguishable because there, the improper acts that occurred within the statutory period were "serious" while the acts in this case were not "serious" and thus were unrelated to the earlier acts.  However, 
Morgan
 contains no "seriousness" requirement; it allows the claimant to rely on 
any
 act that occurred within the statutory period as long as that act contributed to the hostile work environment.  (Also, respondents' conclusion that the August 16, 2000, incidents were not "serious" contradicts the chief legal counsel's finding that these incidents provided substantial evidence of a hostile work environment).  Respondents' assumption that the later acts' lack of "seriousness" makes them unrelated to the earlier acts is simply a 
non sequitur
.

The chief legal counsel did conclude that petitioner had not shown that the alleged acts of August 16, 2000, were related to the alleged acts that occurred between January 2000 and the end of June 2000.   The chief legal counsel did not explain this conclusion, and we believe that it cannot reasonably be sustained.  The acts of August 16, 2000, occurred no more than about two months after the other numerous acts of harassment.  Moreover, the same person (Blank) committed them, and they took place at the same office. As far as the record suggests, nothing occurred between the end of June 2000 and August 16, 2000, to break the obvious connection between the earlier harassing acts and the later ones or to make the later acts into a separate claim.  (At best, an assertion that the earlier acts and the later ones were unrelated would be a disputed issue not properly resolved at this point.)  The mere fact that the chief legal counsel's order segregated the earlier acts and the later acts into different "counts" (or "allegations") suggests only that the chief legal counsel made an arbitrary distinction.

Morgan
 does not define its "no relation" test, and the case law on this subject is scarce.  However, one court has upheld the timeliness of a charge that was based on sexually harassing acts that were far more separated in time and context than the alleged acts here.  In 
Lively v. Flexible Packaging Ass'n
, 830 A.2d 874 (D.C. 2003), the plaintiff sued  under the District of Columbia's human rights statute.  A jury found in her favor on her claim of sexual harassment, but the trial court overturned this part of the verdict.  Applying 
Morgan
, which had been decided in the interim, the District of Columbia Court of Appeals vacated that part of the judgment and remanded the cause with instructions to reinstate the jury's verdict and its award of compensatory damages.  

In 
Lively
, the limitations period was one year.  The plaintiff sued in December 1993, alleging that the defendants had created a hostile work environment by engaging in various harassing acts between 1987 and December 1992.  The evidence at trial showed that from 1990 to mid-1992, the plaintiff's supervisors greatly moderated their improprieties, directing no harassing comments or actions toward the plaintiff specifically.  From mid-1992 on, the supervisors' improper behavior became far more offensive, frequent, and steady.  Applying 
Morgan
, the reviewing court reinstated the jury's verdict, ruling that "[r]easonable jurors could regard these comments and incidents [over the entire five years] as part of one 'unlawful employment practice,' even though there were gaps in the occurrence of the acts constituting the hostile work environment claim."  
Lively
, 830 A.2d at 896, quoting 
Morgan
, 536 U.S. at 118, 153 L. Ed. 2d at 125, 122 S. Ct. at 2075.

We conclude that petitioner's charge timely alleged a single unlawful employment practice, sexual harassment resulting in an intimidating, hostile, or offensive working environment (see 775 ILCS 5/2--101(E) (West 2000)).  Therefore, the chief legal counsel abused her discretion in dismissing part of petitioner's charge.  We reverse the dismissal and remand the cause to the Department for further appropriate proceedings on the charge.

Reversed and remanded.

McLAREN and BYRNE, JJ., concur.