DENA L. JENKINS, Petitioner-Appellant, v. JACQUELINE S. LUSTIG, Chief Legal Counsel of the Department of Human Rights, *et al.*, Respondents-Appellees.

Third District No. 3—03—0012

Opinion filed December 14, 2004.

194

SCHMIDT, J., dissenting.

Michael D. Gifford, of Brady & Gifford, of Peoria, for appellant.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of counsel), for appellee Department of Human Rights.

Dan Schuering, of Schuering & Kerley, P.C., of Springfield, for appellees Schuster Media Group, Inc., and Lee J. Schuster.

JUSTICE LYTTON delivered the opinion of the court:

The petitioner, Dena L. Jenkins, filed a discrimination charge with the Department of Human Rights (Department) against the respondents, Schuster Media Group, Inc. (Media Group), and Lee J. Schuster (Schuster). The charge included allegations that the respondents subjected her to sexual harassment by engaging in acts that created a hostile work environment. The chief legal counsel of the Department ruled that these allegations were barred by section 7A—102(A)(1) of the Illinois Human Rights Act (Act) (775 ILCS 5/7A—102(A)(1) (West 2000)) because the charge was filed more than 180 days after the alleged civil rights violation occurred. We find that the chief legal counsel erred in dismissing Jenkins' sexual harassment claims. Accordingly, we reverse and remand for further proceedings.

On April 26, 2001, Jenkins filed a discrimination charge against the respondents with the Department. In her charge, Jenkins alleged that she had been sexually harassed by Schuster from August to December 5, 2000. Jenkins claimed that the harassment consisted of "offensive questions and comments" about her personal life, "sexually graphic and offensive language, name calling and sexual references regarding [herself] and other females including 'bitch' and 'slut', and requests that [Jenkins] engage in a sexual relationship with him." Jenkins also alleged that she was retaliated against for protesting the harassment from December 2000 until the time she filed her charge.

The Department held a fact-finding conference, and the investigator prepared a report that reorganized Jenkins' charge into 10 allegations (allegations A through J). Allegations A and B were based on Jenkins' claims that Media Group and Schuster had sexually harassed her between August and October 28, 2000. Allegations C and D were based on the incidents of sexual harassment that occurred between October 28, 2000, and April 26, 2001.

On April 16, 2002, the Department issued a notice that it was dismissing allegations A and B for lack of jurisdiction under section 7A—102(A)(1) of the Act, which states that a charge must be filed within 180 days after the date that a civil rights violation has been committed. 775 ILCS 5/7A—102(A)(1) (West 2000). The Department held that allegations C and D were supported by substantial evidence. In support of its ruling, the Department noted several specific instances of harassment that occurred after October 28, 2000.

Jenkins filed a request for review of the dismissal of allegations A and B. Specifically, she alleged that the Department erred in dismissing them because Schuster's sexually offensive behavior was a course of continuing and uninterrupted conduct between August and December of 2000. She stated that Schuster engaged in sexually offensive conduct on every occasion he was in her presence. His sexually offensive conduct included sexually oriented and derogatory name calling, sexually offensive comments, and repeated reference to women as "fat f---ing bitches." The chief legal counsel upheld the Department's dismissal of allegations A and B for lack of jurisdiction (775 ILCS 5/7A—102(A)(1) (West 2000)).

We will not disturb the chief legal counsel's decision to dismiss a charge unless the chief legal counsel abused her discretion. *Kalush v. Department of Human Rights Chief Legal Counsel*, 298 Ill. App. 3d 980, 700 N.E.2d 132 (1998). However, where, as here, our review hinges on the interpretation of a provision within the Act, it raises a question of law that we review *de novo. Gusciara v. Lustig*, 346 Ill. App. 3d 1012, 806 N.E.2d 746 (2004).

## ANALYSIS

Jenkins claims that the chief legal counsel erred in ruling that the Department lacked jurisdiction to consider the claims outside the 180-day time period because she failed to follow *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002). She maintains that we should interpret the filing limitation of section 7A—102(A)(1) in lockstep with the United States Supreme Court's interpretation of the time limitation in Title VII under *Morgan*. See *Gusciara*, 346 Ill. App. 3d 1012, 806 N.E.2d 746.

In *Morgan*, the Supreme Court interpreted the statute of limitations filing requirement in Title VII (42 U.S.C. § 2000e—5(e)(1) (1994)). *Morgan*, 536 U.S. 101, 153 L. Ed. 2d 106, 122 S. Ct. 2061. The Court held that a hostile work environment claim under Title VII includes events that occurred prior to and outside the 180- or 300-day limitations period, as long as at least one act occurred within the ap-

plicable filing period.[1] The Court noted that a hostile work environment results from the cumulative effect of individual acts. Therefore, an employee need only file a charge within 180 or 300 days of "any act that is part of the hostile work environment." *Morgan*, 536 U.S. at 118, 153 L. Ed. 2d at 125, 122 S. Ct. at 2075.

In construing and applying section 7A—102(A)(1) of the Act, Illinois courts have followed federal cases interpreting Title VII. See *Gusciara*, 346 Ill. App. 3d 1012, 806 N.E.2d 746; *Graves v. Chief Legal Counsel of the Department of Human Rights*, 327 Ill. App. 3d 293, 762 N.E.2d 722 (2002). In *Gusciara*, the petitioner filed a charge against her employer alleging that during 2000, her employer repeatedly made sexual advances toward her. The charge was filed on January 12, 2001. The Department issued a notice that reorganized the charge into separate allegations. Allegations A and B were based on claims of harassment between January and June of 2000. Allegations C and D were based on acts of harassment that occurred in August 2000. The Department dismissed allegations A and B, ruling that they were barred by section 7A—102(A)(1) because the acts within those allegations did not fall within the 180-day requirement. The chief legal counsel sustained the dismissal.

On appeal, the court ruled that section 7A—102(A)(1) of the Illinois Act is governed by the *Morgan* rule. It held that a charge of sexual harassment based on a hostile work environment is timely as long as any of the acts that contributed to the hostile environment occurred no more than 180 days before the claimant filed her charge. This rule applies unless (1) the acts within the jurisdictional period have no relation to those outside the period or (2) the later acts are no longer part of the same hostile environment claim. *Gusciara*, 346 Ill. App. 3d 1012, 806 N.E.2d 746.

We agree with the sound reasoning in *Gusciara*. A charge of sexual harassment is timely if the petitioner files a charge within 180 days of any act that is part of the hostile work environment.

■ Applying the above rule to this case, we conclude that Jenkins' claims of sexual harassment based on allegations of acts that occurred prior to October 28, 2000, were timely. See 775 ILCS 5/2—101(E) (West 2000). The acts that occurred both before and after the 180-day filing requirement involved the same employer, were committed by the

---

[1]In a state having an entity authorized to grant relief regarding an alleged unlawful practice, an employee must file the charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the employment practice. In all other states, the charge must be filed with the EEOC within 180 days. 42 U.S.C. § 2000e—5(e)(1) (1994).

same person, occurred in similar settings, and continued with relative frequency from August to December 2000. Although Jenkins did not provide specific dates on which the prelimitations incidents occurred, the allegations indicated the same offensive conduct, office, and perpetrator as the incidents that occurred within the 180-day time period. A fact finder could easily conclude that this conduct was part of the same actionable hostile environment claim. See *Gusciara*, 346 Ill. App. 3d at 1021-22, 806 N.E.2d at 753. Accordingly, it was an abuse of discretion to dismiss that portion of Jenkins' charge.

At this point, we must distinguish between the Illinois statute and its federal counterpart and address the issue of equitable defenses. The filing period under Title VII is a statute of limitations, and *Morgan* allowed for the raising of certain equitable defenses. Since the Illinois statute is jurisdictional, the equitable defenses of waiver and tolling do not apply. However, once jurisdiction has been obtained and the parties are properly before the court, a defendant can raise other equitable defenses. *Christ Hospital & Medical Center v. Human Rights Comm'n*, 271 Ill. App. 3d 133, 648 N.E.2d 201 (1995); see also *Mank v. Board of Fire & Police Commissioners*, 7 Ill. App. 3d 478, 288 N.E.2d 49 (1972). A lengthy period between individual incidents and the filing of a charge increases the likelihood that those acts that occurred within the 180-day filing period will be unrelated to those earlier acts or will not be part of the same hostile work environment. See *Gusciara*, 346 Ill. App. 3d at 1020, 806 N.E.2d at 752. Here, Jenkins avoided these risks by filing her claim within a short period of time.

## CONCLUSION

That portion of the chief legal counsel's decision sustaining the dismissal of allegations A and B is reversed. The cause is remanded to the Department for further proceedings.

Reversed and remanded.

BARRY, J., concurs.

JUSTICE SCHMIDT, dissenting:

The majority relies on *Gusciara v. Lustwig*, 346 Ill. App. 3d 1012, 806 N.E.2d 746 (2004), which relies on *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002), in coming to the conclusion that the chief legal counsel erred in sustaining the dismissal of allegations A and B.

In *Morgan*, a divided Supreme Court, in a 5 to 4 decision, held that a hostile work environment claim under Title VII includes events that occurred prior to and outside of the federal 180-day filing period, as long as at least one act occurred within the 180-day period. In reaching this decision, the Court specifically noted that the Title VII filing period was *not a jurisdictional prerequisite*. Rather, it was a requirement subject to the equitable doctrines of waiver, estoppel, and equitable tolling " 'when equity so requires.' " *Morgan*, 536 U.S. at 121, 153 L. Ed. 2d at 127, 122 S. Ct. at 2076 (2002), quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 71 L. Ed. 2d 234, 246, 102 S. Ct. 1127, 1135 (1982).

Whether one agrees or disagrees with *Morgan* is irrelevant to our discussion here. There is a defining and dispositive difference between the filing periods under Title VII and the Act. As previously stated, under Title VII, the filing period is a statute of limitations, subject to equitable tolling. "However, courts have uniformly held that the charge-filing time limitations period [of the Act] is jurisdictional." *Faulkner-King v. Department of Human Rights*, 225 Ill. App. 3d 784, 791, 587 N.E.2d 599, 604 (1992).

The majority here "agree[s] with the sound reasoning in *Gusciara*." 354 Ill. App. 3d at 196. I find the reasoning in *Gusciara* to be seriously flawed. *Gusciara* acknowledges that state courts are not required to interpret our statutes in lockstep with the federal courts' interpretation of cognate federal statutes, but then finds no "compelling reason to interpret the Act inconsistently with the federal courts' construction of Title VII." *Gusciara*, 346 Ill. App. 3d at 1019, 806 N.E.2d at 751. There is nothing sound about this reasoning, which sees no compelling reason to treat a statute of limitations any differently than a jurisdictional filing period.

After finding no compelling reason not to follow *Morgan*, the *Gusciara* court continues:

> "We do diverge from *Morgan* in one important respect. The Supreme Court held that because Title VII's limitations provision is not jurisdictional, it is subject to equitable doctrines such as waiver, estoppel, and tolling. [Citation.] Because section 7A—102(A)(1)'s time limit is jurisdictional, we do not incorporate such equitable defenses into section 7A—102(A)(1). Nonetheless, we are confident that *Morgan*'s holding will discourage potential claimants from undue delay in filing charges." Gusciara, 346 Ill. App. 3d at 1020, 806 N.E.2d at 752.

With all due respect, this makes absolutely no sense in light of *Gusciara*'s holding. It was precisely the fact that Title VII's limitations provision was not jurisdictional and therefore subject to equitable

doctrines such as waiver, estoppel and tolling that was the *sine qua non* of the *Morgan* decision. A reading of *Gusciara* and the majority opinion here shows a misapprehension by the two courts of the effect that a jurisdictional filing period has on equitable defenses. Every Illinois case before *Gusciara* has made it clear that since the filing period under the Illinois statute is jurisdictional, equitable defenses of waiver, estoppel and tolling are *unavailable to the claimant. Board of Governors of State Colleges & Universities for Northeastern Illinois University v. Rothbardt,* 98 Ill. App. 3d 423, 424 N.E.2d 742 (1981); *Larrance v. Human Rights Comm'n,* 166 Ill. App. 3d 224, 519 N.E.2d 1203 (1988). Both *Gusciara* and the majority here speak of that concept as though equitable defenses are not available to the *employer.* This basic misapprehension is apparently what allows the courts in these two opinions to acknowledge that equitable defenses do not apply and then turn around and create an equitable defense to the filing period for acts alleged to constitute part of a judicially created hostile work environment claim.

One need only study *Gusciara* to understand that the judicial rewrite of the Act will be the rule that ate the law, at least the 180-day filing period. In *Gusciara,* as here, there were discrete and egregious acts of sexual harassment alleged that occurred outside of the 180-day jurisdictional filing period. Up until this time, Illinois courts understood that any claim which might be actionable under the Act was lost if not filed within 180 days. Now, if a claimant fails to file a claim within 180 days of any violation, he or she need only allege even rather innocuous violations of the Act within the 180 days and thereby reach back beyond the 180 days to resuscitate claims that the legislature declared to be "DOA."

More importantly, the majority here, as in *Gusciara,* ignores the principles of separation of powers fundamental to our system of government. The court has rewritten the Human Rights Act. This is judicial legislation, pure and simple.

The Human Rights Act creates rights not afforded by the Illinois Constitution. *Pickering v. Human Rights Comm'n,* 146 Ill. App. 3d 340, 496 N.E.2d 746 (1986). It creates rights and causes of action that did not exist at common law. Therefore, the duty of the courts is to strictly construe the statute. *Adams v. Northern Illinois Gas Co.,* 211 Ill. 2d 32, 809 N.E.2d 1248 (2004); *Bush v. Squellati,* 122 Ill. 2d 153, 522 N.E.2d 1225 (1988). It has long been held that "in construing statutes in derogation of the common law, it will not be presumed that an innovation thereon was intended further than that which is specified." *Walter v. Northern Insurance Co. of New York,* 370 Ill. 283, 288, 18 N.E.2d 906, 908-09 (1938). If there are to be exceptions to the

jurisdictional filing period, our tripartite form of government requires that they come, not from the courts, but from those whose role it is to make the laws: the legislature.

I respectfully dissent.